# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| GARY D. KELLEY, | : | CASE NO. 1:19-cv-00083 |
| Plaintiff, | : | |
| | : | Judge Dlott |
| vs. | : | |
| | : | Magistrate Judge Litkovitz |
| LAKEVIEW LOAN SERVICING, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## STIPULATED PROTECTIVE ORDER

Defendants Lakeview Loan Servicing, LLC, Bayview Loan Servicing, LLC, and Cenlar FSB, (collectively, "Defendant"), by and through counsel, and Plaintiff Gary D. Kelley ("Plaintiff"), by and through counsel, agree to the following Protective Order to be entered in this case pursuant to Federal Rule of Civ. P. 26(c) (the "Protective Order") to govern the disclosure of documents, things and information of the parties or non-parties in the above-captioned action, and have further moved this Court to so order this Protective Order; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties;

It is hereby ORDERED that:

**1. Scope**

1.1 This Protective Order governs the use and handling of documents, data, testimony, interrogatory responses, responses to requests for admission, depositions and deposition exhibits, electronically stored information, and other information, including all copies,

excerpts and summaries thereof produced or supplied by Defendants, Plaintiffs, or other individuals or entities, including non-parties to this action, whether in written, oral, or electronic format, and whether produced or supplied pursuant to a formal discovery request or subpoena, a request made at deposition, or any other formal or informal means.

1.2 All Protected Material, as defined below, shall not be disclosed to any person except in accordance with the terms of this Protective Order, and shall be used only for the purposes of prosecuting or defending the above-captioned action (the "Action").

1.3 In connection with discovery proceedings in this Action, any party or third party shall have the right to identify and designate (hereafter "Designating Party") any non-public document, information, or thing any in which it produces, supplies, or is the source of as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" (collectively referred to as "Protected Material").

(a) A party may designate as "CONFIDENTIAL" any document, information, or thing which the Designating Party reasonably and in good faith believes is not in the public domain (*i.e.*, is not generally known and not reasonably ascertainable by proper means), and contains (i) a trade secret as defined by applicable state law; (ii) confidential research, development, business plans, financials, or other sensitive commercial information, (iii) personally identifiable information (PII) or protected health information (PHI) of any individual, or (iv) other information that the Designating Party reasonably believes in good faith is entitled to protection from public disclosure under applicable law. In the case of material designated CONFIDENTIAL pursuant to subsection (iv) above, the Designating Party shall state the legal basis for the designation at the time of production.

(b) A party may designate as "CONFIDENTIAL – ATTORNEY EYES ONLY" any document, information, or thing which the Designating Party reasonably and in good faith believes qualifies as "CONFIDENTIAL" and additionally is of such nature and character that disclosure of such information to one or more other Parties, even limited to the restrictions placed on CONFIDENTIAL information in this Protective Order, may compromise and/or jeopardize business or otherwise good faith confidentiality interests of the Designating Party or third parties *vis a vis* those other Parties. Where possible, such materials shall be initially produced to the Requesting Party under the designation "CONFIDENTIAL" and with highly sensitive information warranting the higher "CONFIDENTIAL – ATTORNEY EYES ONLY" redacted. The parties will thereafter consider appropriate actions and attempt to agree upon a procedure for producing or permitting inspection of un-redacted version of the document designated "CONFIDENTIAL – ATTORNEY EYES ONLY".

1.4 "Protected Material" as used herein means any material that is designated by a Designating Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" pursuant to this Protective Order, whether it is a document or information contained in a document, disclosed during a deposition or other testimony, disclosed in an interrogatory answer or otherwise disclosed.

1.5 Nothing herein shall prohibit any party hereunder from disclosing its own Protected Material as it deems appropriate.

1.6 The following information shall not be Protected Material under this Protective Order:

(a) Information that is in the public domain at the time of disclosure;

(b) Information that at any time is made public through no act of a non-designating party;

(c) Information that the Designating Party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; or

(d) Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

1.7 Notwithstanding the foregoing, all material produced or disclosed by Interhack Corp. in the course of its investigation and report, without the opportunity of the appropriate party to designate such material prior to its production or disclosure, shall be presumptively treated as Protected Material for purposes outside of the limited discovery and anticipated motions authorized by the Court's April 19, 2019 Order (Docket Entry No. 12) unless and until such material is further produced or disclosed in the ordinary course of discovery in this Action.

## 2. Designation of Confidentiality

2.1 Any documents, information, or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters, and briefs) that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper or thing CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY (or, alternatively, "CONFID-AEO" if necessary to avoid obscuring the underlying document), as appropriate, and indicating the identity of the Designating Party (e.g., through the use of an identifying prefix to the document identification (Bates) number).

2.2     In the event a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as CONFIDENTIAL – ATTORNEY EYES ONLY materials. Only those persons identified in paragraph 3.2 below as permitted to view CONFIDENTIAL – ATTORNEY EYES ONLY materials may be present at any such inspection. When the Designating Party copies the documents to furnish to the inspecting party, the Designating Party shall mark Protected Material with the appropriate confidentiality designation.

2.3     In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) that contain Protected Material shall be made by a statement to such effect on the record at any time in the course of the deposition by counsel of the party deponent, counsel for the non-party witness, or counsel for the Designating-Designating Party, or by letter from such counsel within twenty (20) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript that should be treated as Protected Material. The entire deposition transcript (including exhibits) shall be treated as CONFIDENTIAL – ATTORNEY EYES ONLY under this Protective Order until the expiration of the above-referenced 20-day period for designation, except that the deponent may review the transcript of his or her own deposition during this 20-day period. The front of the original deposition transcript and each copy of the transcript containing Protected Material shall be labeled according to Paragraph 2.1. If all or part of a deposition recorded by video graphic

means is designated as Protected Material, the recording storage medium and its container shall be so labeled.

2.4     To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("computerized material") is produced by any party in a native or other form such that it cannot be stamped as described in Paragraph 2.1 above, the Designating Party may designate such matter as Protected Material by cover letter referring generally to such matter or by labeling such media accordingly or by appending the appropriate confidentiality designation to the file name, e.g., "FileName_ BatesNumber_CONFIDENTIAL."

2.5     To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program from or containing information that it received from a Designating Party and that is designated as Protected Material, that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Protective Order, may have access to it. Whenever any party to whom computerized material designated as Protected Material is produced reduces such material to hard-copy form, such party shall mark such hard-copy form as provided above.

2.6     In the event that a receiving party believes that any documents produced by a non-party to this Action contain its own Protected Material, such party (who shall also be considered a "Designating Party") may request, by notice in writing to the parties, that such documents be considered Protected Material under the terms of this Protective Order. Absent any challenges to said request, such documents shall be considered so designated. Any challenges to such

designation shall follow the procedure outlined below and shall in all respects be considered as if the Designating Party produced the material in the first instance with the designation.

**3.** **Disclosure of Protected Material**

3.1  Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and distribution of information designated as Protected Material.

3.2  Information designated as CONFIDENTIAL – ATTORNEY EYES ONLY shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

(a)  The outside attorneys of record and their employees who are engaged in assisting in this action;

(b)  The Court and its personnel;

(c)  Court reporters and their personnel engaged in proceedings incident to preparation for trial or trial;

(d)  Any third party mediator, settlement judge, or arbitrator selected by the parties or assigned by the Court;

(e)  Independent consultants or experts retained by the party or its attorneys in connection with this action, including technical experts, damage and industry experts, digital forensic experts, and jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors);

(f)  Professional vendors and their employees, including copy services, trial graphics services, and translation services, engaged by counsel; and

(g) Any person to whom the Designating Party agrees in writing or the Court orders in advance of the disclosure or on the record at a deposition or at a Court proceeding.

3.3 Information designated as CONFIDENTIAL shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

(a) The persons identified in paragraph 3.2 above; and

(b) A named party or a director, officer, manager, trustee, or employee of a named party to whom the material is shown for purposes of the Action;

(c) A person who prepared, received, reviewed, or otherwise had been provided access to the relevant CONFIDENTIAL material prior to its production in the Action;

(d) A current employee of the Designating Party;

(e) Any other person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; and

(f) Any other person who is, or counsel reasonably believes may be, a trial or deposition witness (and their counsel).

3.4 Each person to whom disclosure is made pursuant to Paragraphs 3.2(e), 3.2(f), 3.2(g), 3.3(e), or 3.3(f) above shall be given a copy of this Protective Order and shall sign a declaration, the form of which is attached hereto as "Exhibit A," agreeing that he or she is bound by the jurisdiction of this Court and the terms of this Protective Order. Counsel for the party

obtaining any signed copy of "Exhibit A" shall retain the copy and need not disclose it to counsel for all other parties unless ordered to do so by the Court.

**4.     Restrictions and Procedures Regarding Protected Materials**

4.1     Persons receiving Protected Material are prohibited from disclosing it to any person except in conformance with this Protective Order.  The recipient of any Protected Material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and confidential information.

4.2     All documents of any nature, including briefs, motions or letters that contain information designated as Protected Material, regardless of which party designated it as such, where such documents are to be filed with the Court, shall file the documents in redacted form. Pursuant to S.D. of Ohio Local Rule 5.2.1, the filing party shall also move for leave from the Court to file under seal an un-redacted copy pursuant to the Local Rules and Court procedures for doing so. Counsel for the non-filing party shall thereafter promptly inform the Court and the filing party whether it will oppose the motion for leave.  Where possible, counsel for both parties shall confer among themselves and with the Court, as necessary or advisable, in advance of filing, come to an agreement of the parties and/or obtain the ruling of the Court with respect to the confidentiality of documents that will be brought before the Court.

4.3     If, at any time, any Protected Material is in the possession or custody of any person, other than the person who originally produced such information, who receives a subpoena or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, including a request pursuant to Ohio Revised Code section 149.43, the party or person to whom the subpoena or

13866744v1
-9-

request is directed shall, unless prohibited from doing so by law or regulation, promptly provide written notice to the person who originally produced such information and/or to the person or party who designated the information as Protected Material, which notice shall include the date set for the production of the subpoenaed or requested information and a copy of the subpoena or request. Further, the party or person to whom the subpoena or request is directed shall not disclose any Protected Material in response thereto without first providing the Designating Party or non-party a reasonable period under the circumstances, which shall be no less than seven (7) business days, to inform the subpoenaed party either that it does not object to production of the information or that it will seek court protection to prevent the production, unless prohibited from doing so by law or regulation.

4.4 If the Designating Party responds that it will not seek court protection, then the subpoenaed party may produce the information. If the Designating Party fails to provide the subpoenaed party with a response as to whether it will object to production or seek court protection, the subpoenaed party may produce the information after seven (7) business days following the subpoenaed party's notice of the subpoena to the Designating Party. The party receiving the subpoena or process shall also inform the party seeking the Protected Material that the information is governed by this Protective Order. Notwithstanding the foregoing, a Designating Party that has received reasonable notice waives its right to object to production if it does not object to production or seek court protection on or before the date that production is due. In that circumstance, the subpoenaed party may provide the subpoenaed information.

4.5 In the event additional parties are joined or permitted to intervene in this Action, they shall not have access to any Protected Material unless and until such parties (and their

13866744v1

-10-

counsel) agree in writing to be bound by the terms of this Protective Order by executing a copy of "Exhibit A."

4.6  Nothing herein shall restrict or limit the use of information or documents designated as Protected Material at any hearing or trial, nor shall it prevent or prejudice a Designating Party from seeking additional or greater protection with respect to the use or disclosure of Protected Material in connection with any hearing or other proceeding in this Action or otherwise. This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Stipulation and Order, subject to the approval of the Court.

## 5. **Objections to Designations**

5.1  A party shall not be obliged to challenge the propriety of a Protected Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party objects to the designation of any material under this Protective Order, the objecting party shall consult with the Designating Party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the party who designated the material, the objecting party may apply to the Court for a ruling that the material shall not be so designated. If no such motion is made, the material will retain its designation. Any documents or other materials that have been designated Protected Material shall be treated as Protected Material until such time as the Court or any magistrate judge to whom this matter is assigned rules that such material should not be treated as Protected Material, provided that such confidential treatment shall continue despite such ruling if the ruling is subject to a stay by operation of law because it is subject to appeal or review, or it is otherwise stayed by a body of competent jurisdiction. In any hearing to

determine the proper designation of material produced by a given party, the party making or asserting the Protected Material designation shall have the burden of proving the confidential nature of the material.

**6.     Preservation of Rights and Privileges**

6.1     Nothing herein shall restrict the right of any party or non-party to use his, her or its own documents and information designated as Protected Material for any purpose whatsoever.

**7.     Return or Destruction of Material**

7.1     Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of or resolving the Action, including the exhaustion of all possible appeals and other reviews, all parties and non-parties having Protected Material shall, absent a court order or written agreement to the contrary, either return such information and all copies thereof to counsel for the Designating Party or non-party or, alternatively, shall destroy such information, in which case the party destroying the information shall attest in writing to counsel for the party that produced it that the information in his or her possession, as well as the information provided to others in accordance with this Protective Order, has been destroyed. As to the material that contains or reflects Protected Material, but that constitutes or reflects counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is clearly marked to reflect that it contains information subject to this Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such material contains Protected Material, so long as such material is clearly marked to reflect that it contains such information.

8. **Inadvertent or Unintentional Disclosure**

8.1 Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy or proprietary interest with respect to any document or information. The Court hereby Orders, per Fed. R. Evid. 502(d), that a party or non-party privilege or protection is not waived by disclosure connected with the litigation pending before the Court — in which event the disclosure is also not a waiver in any other federal or state proceeding.

8.2 In view of the timeframe for discovery, the volume of potentially discoverable paper and electronically stored information ("ESI"), and the costs of review, it may not be feasible for party producing or receiving documents to thoroughly review each and every document produced in this case. As such, the Parties agree to a mechanism to avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Material and keep disclosed Protected Material confidential to the maximum extent possible. This privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding. This Order applies to state proceedings and to federal court-annexed and federal court-mandated arbitration proceedings, in the circumstances set out in the rule. This rule applies even if state law provides the rule of decision. When the disclosure is made in a state proceeding and is not the subject of a state-court order concerning waiver, the disclosure does not operate as a waiver in a federal proceeding if the disclosure: (1) would not be a waiver under this rule if it had been made in a federal proceeding; or (2) is not a waiver under the law of the state where the disclosure occurred. In view of the timeframe for discovery, the volume of potentially relevant documents and ESI, and the costs involved, privilege shall not be waived because of a claim that the holder of the privilege or protection failed to take reasonable steps to prevent disclosure. As such, the parties expressly agree and this Court so orders that

13866744v1

-13-

discovery of an inadvertent disclosure can be made at any time and need not be subject to reasonable steps to discover the disclosure earlier.

8.3    A Designating Party that inadvertently fails to designate material as Protected Material pursuant to this Protective Order at the time of its production shall be entitled to make a correction to its designation.  Such correction and notice thereof shall be made in writing within a reasonable time after discovery of the inadvertent mis-designation, accompanied by substitute copies of each item or material, appropriately designated.  Those individuals who received the material prior to notice of mis-designation by the Designating Party shall within fifteen (15) days of receipt of the substitute copies, destroy or return to the law firm representing the Designating Party all copies of such mis-designated documents, and inform all persons to whom the mis-Protected Materials have been disclosed of the new designation.  If the individuals who received the mis-designated material choose to destroy it rather than return it, they shall attest that they have destroyed it and all copies to the law firm representing the Designating Party.  Those individuals who reviewed the mis-designated material prior to notice of the mis-designation by the Designating Party shall thereafter abide by the provisions of this Protective Order with respect to the use and disclosure of any information contained in the mis-Protected Material.  Use or disclosure of mis-Protected Material prior to its designation by the Designating Party's notice under this section shall not be deemed to constitute a violation of this Order.  However, any party that receives from a Designating Party mis-Protected Material that the receiving party reasonably believes is protected by privilege and was inadvertently produced, shall notify the Designating Party as soon as practicable, so that the Designating Party has an opportunity to take any corrective steps necessary.

8.4 In the event of an inadvertent disclosure of another party's designated Protected Material, the party making or aware of the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person(s) to whom the disclosure was made that it contains Protected Material subject to this Protective Order; (ii) promptly make all reasonable efforts to obtain the return of the document, communication or information and to prevent further dissemination of it; and (iii) within five (5) business days notify the party that produced the Protected Material of the identity of the person(s) to whom disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further dissemination of it.

## 9. Miscellaneous

9.1 A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

9.2 A non-party who is obligated to provide discovery in this Action by deposition, production of documents, or otherwise, shall be afforded the protections of this Protective Order.

9.3 Neither the termination of this Action nor the termination of employment of any person who has had access to any Protected Material, or the contents thereof, shall relieve such person of his or her obligations hereunder, which shall survive.

9.4 Upon the final resolution of this Action, any party may seek leave to reopen this Action to enforce the provisions of this Protective Order.

9.5 This Protective Order is binding on all parties to this Action. This Protective Order is also binding on all non-parties who have signed the attached "Exhibit A." This Protective Order shall remain in force and effect until modified, superseded or terminated by consent of the parties or by further Order of the Court.

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| GARY D. KELLEY, | : | CASE NO. 1:19-cv-00083 |
| Plaintiff, | : | Judge Dlott |
| vs. | : | Magistrate Judge Litkovitz |
| LAKEVIEW LOAN SERVICING, LLC, *et al.*, | : | |
| Defendants. | : | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I received a copy of the Protective Order in this action. I read and understood the Protective Order and agree to be bound by its provisions. I agree not to copy or use any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY information that may be provided to me for any purpose other than in connection with my retention in connection with this action, and I agree not to reveal any such information to any person not authorized by the Protective Order.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio in connection with any proceedings concerning enforcement of the Protective Order.

Dated: _____  _____

13866744v1

**SO ORDERED:**

_____
Karen L. Litkovitz
United States Magistrate Judge

AGREED AS TO FORM:

s/ Marc E. Dann         (0039425)
(by s/ Daniel C. Gibson per email authorization)
Marc E. Dann       (0039425)
Daniel M. Solar    (0085632)
DannLaw
P.O. Box 6031040
Cleveland, Ohio 44103
Telephone: (216) 373-0539
Facsimile: (216) 373-0563
notices@dannlaw.com

*Trial Attorney for Plaintiff
Gary D. Kelley*

s/ Daniel C. Gibson         (0080129)
Daniel C. Gibson      (0080129)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
Telephone: (614) 227-2300
Facsimile: (614) 227-2390
dgibson@bricker.com

*Trial Attorney for Defendants
Lakeview Loan Servicing, LLC, Bayview Loan Servicing, LLC, and
Cenlar FSB*

OF COUNSEL:

David K. Stein       (0042290)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone: (614) 227-2300
Facsimile: (614) 227-2390
Email: dstein@bricker.com